No. 18-2569

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LAURA L. DIVANE, *et al.*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| v. | |
| NORTHWESTERN UNIVERSITY, *et al.*, | No: 16-cv-8157 |
| | Hon. Jorge L. Alonso District Court Judge |
| *Defendants-Appellees.* | |

**DEFENDANTS-APPELLEES' MOTION TO SEAL PORTIONS OF PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT**

Pursuant to Seventh Circuit Operating Procedure 10, Defendants-Appellees Northwestern University, Northwestern University Retirement Investment Committee ("NURIC"), Pamela S. Beemer, Ronald R. Braeutigam, Kathleen Hagerty, Craig A. Johnson, Candy Lee, William McLean, Ingrid S. Stafford, Nimalan Chinniah, and Eugene S. Sunshine (collectively, "Defendants-Appellees") respectfully move to keep under seal certain materials contained in Volume IV of Plaintiffs-Appellants' Appendix, which the district court had ordered sealed. Specifically, Defendants-Appellees move to keep under seal the following materials containing attorney-client privileged information:

- Paragraph 202 of the proposed Second Amended Complaint (Dkt. 130), included on page A558 of Volume IV of Plaintiffs-Appellants' Appendix.

1

- Paragraph 204 of the proposed Second Amended Complaint (Dkt. 130), included on page A560 of Volume IV of Plaintiffs-Appellants' Appendix.

- Paragraph 245 of the proposed Second Amended Complaint (Dkt. 130), included on page A585 of Volume IV of Plaintiffs-Appellants' Appendix.

- Paragraph 207 of the proposed Second Amended Complaint (Dkt. 169), included on page A631 of Volume IV of Plaintiffs-Appellants' Appendix.

- Paragraph 209 of the proposed Second Amended Complaint (Dkt. 169), included on page A632 of Volume IV of Plaintiffs-Appellants' Appendix.

- Paragraph 250 of the proposed Second Amended Complaint (Dkt. 169), included on page A633 of Volume IV of Plaintiffs-Appellants' Appendix.

## BACKGROUND

During discovery at the district court, Defendants-Appellees produced to Plaintiffs-Appellants certain privileged attorney-client communications that included privileged legal advice from NURIC's outside counsel concerning the administration of the retirement plans at issue in this case.

The documents were produced pursuant to the fiduciary exception to the attorney-client privilege. Under that exception, fiduciaries of an ERISA plan must "make available to the beneficiary, upon request, any communications

with an attorney that are intended to assist in the administration of the plan." *Bland v. Fiatallis N. Am., Inc.*, 401 F.3d 779, 787 (7th Cir. 2005). However, any attorney-client communications produced to a beneficiary remain privileged vis-à-vis the rest of the world. *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 167–68 (2011) (explaining the fiduciary exception); *Smith v. Jefferson Pilot Fin. Ins. Co.*, 245 F.R.D. 45, 47 (D. Mass. 2007) (documents reflecting confidential communications between ERISA plan fiduciary/claims administrator and attorneys regarding plan participant's claims were privileged, although discoverable by plan participant). With each such production, Defendants-Appellees expressly maintained the privilege, and asked Plaintiffs-Appellants to protect it.

Plaintiffs-Appellants first moved the district court for leave to file their proposed Second Amended Complaint under seal on April 24, 2018, while their First Amended Complaint was pending. (Dkts. 129, 130, 133.) The proposed Second Amended Complaint included quotations of the privileged legal advice described above. (Dkt. 130.)

On May 25, 2018, the district court dismissed Plaintiffs-Appellants' First Amended Complaint with prejudice, denied Plaintiffs-Appellants leave to file their Second Amended Complaint, and entered judgment for Defendants-Appellees. (Dkts. 162, 163.) In response, Plaintiffs-Appellants moved to alter or amend the judgment, and again sought leave to file another version of their proposed Second Amended Complaint under seal. (Dkt. 167, 169, 171.) The new version of the proposed Second Amended Complaint likewise included the

3

privileged communications described above. The district court again denied Plaintiffs-Appellants' motions. (Dkt. 173.) In its order, the district court invited Defendants-Appellees to move to maintain portions of the proposed Second Amended Complaint under seal, and Defendants-Appellees did so. (Dkt. 174.) The district court granted the motion, citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002), and holding that the privileged paragraphs could remain under seal. (Dkt. 179.) A redacted version was publicly filed. (Dkt. 180.)

In this Court, Plaintiffs-Appellants publicly filed the redacted version of their proposed Second Amended Complaint in Volume III of Plaintiff-Appellants' Appendix, beginning at page A296. They also filed, in Volume IV of their Appendix, the full, unredacted version of their proposed Second Amended Complaint (Dkt. 130), and unredacted excerpts of their subsequent proposed Second Amended Complaint (Dkt. 169). They moved to seal the entire Volume. (App. Dkt. 16.) This Court denied Plaintiffs-Appellants' motion without prejudice to Defendants-Appellees moving to preserve the district court's seal. (App. Dkt. 21.)

Defendants-Appellees now so move, and ask the Court to keep under seal the same three paragraphs the district court sealed, which contain attorney-client privileged information. Specifically: paragraphs 202, 204, and 245 of the initial proposed Second Amended Complaint (Dkt. 130), appearing at pages A558, A560, and A585 of Volume IV of Plaintiff-Appellants' Appendix; and paragraphs 207, 209, and 250 of the subsequent proposed Second

Amended Complaint (Dkt. 169), appearing at pages A631, A632, and A633 of Volume IV of Plaintiff-Appellants' Appendix.

## ARGUMENT

This Court should maintain under seal the three paragraphs sealed by the district court. Those paragraphs reference privileged attorney-client communications, and privileged communications constitute a category of information that should remain under seal. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . , is entitled to be kept secret on appeal."); *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015) (same) (opinion abrogated on other grounds).

As noted above, privileged information produced under the fiduciary exception remains privileged as to individuals outside of the plans. *See Bland*, 401 F.3d at 787 (stating the exception requires disclosure "to the beneficiary" specifically, rather than to the public). Thus, although Defendants-Appellees produced the documents to Plaintiffs-Appellants as required by the fiduciary exception, they did not thereby waive the privilege. The information remains privileged vis-à-vis the public at large.

Plaintiffs-Appellants have offered no reason to conclude that "the public's interest in transparency" requires a different result. *Sanford-Brown*, 788 F.3d at 712. First, in general, the public's interest in transparency does not justify

disclosure of the attorney-client privilege.  *Baxter*, 297 F.3d at 546 (recognizing information covered by the attorney-client privilege specifically as a category of documents that are "entitled to be kept secret on appeal"); *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 11 (1st Cir. 1998) (privilege "is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) (holding that "the public's and plaintiffs' interest in preserving the attorney-client privilege" outweighed "the more general public interest in information about disputes in the public courts"); *see also United States ex rel. Thomas v. Duke Univ.*, No. 17-cv-276, 2018 WL 4211375, at *6 (M.D.N.C. Sept. 4, 2018) ("Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents.") (collecting cases).  Moreover, in the context of this case, there is no special circumstance that compels a different conclusion.  The district court did not rely on the information in those sealed paragraphs to form the basis of any of its decisions below.  *Cf. Baxter*, 297 F.3d at 548 ("The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution.").

Maintaining the district court's seal will not burden Plaintiffs-Appellants or the Court.  A redacted version of the proposed Second Amended Complaint has already been included in Plaintiffs-Appellants' Appendix, beginning at A296.  This Court should order that the paragraphs sealed by the district court remain sealed.

**CONCLUSION**

For the foregoing reasons, Defendants-Appellees respectfully request that this Court order that paragraphs 202, 204, and 245 of the initial proposed Second Amended Complaint (Dkt. 130), appearing at pages A558, A560, and A585 of Volume IV of Plaintiff-Appellants' Appendix; and paragraphs 207, 209, and 250 of the subsequent proposed Second Amended Complaint (Dkt. 169), appearing at pages A631, A632, and A633 of Volume IV of Plaintiff-Appellants' Appendix shall remain under seal.

Date: January 24, 2019    Respectfully submitted,

  /s/ Craig C. Martin
Craig C. Martin
  *Counsel of Record*
Amanda S. Amert
Matthew E. Price
Brienne Letourneau
Alexis E. Bates
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
*Counsel for Defendants-Appellees*

No. 18-2569

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LAURA L. DIVANE, *et al.*, <br><br> *Plaintiffs-Appellants,* <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, *et al.*, <br><br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No: 16-cv-8157 <br><br> Hon. Alonso L Jorge <br> District Court Judge. |

### **AFFIDAVIT OF AMANDA S. AMERT**

Amanda S. Amert, being first duly sworn upon oath, deposes and states as follows:

1. I am a partner at Jenner & Block LLP and one of the attorneys representing Defendants-Appellees Northwestern University, Northwestern University Retirement Investment Committee, Pamela S. Beemer, Ronald R. Braeutigam, Nimalan Chinniah, Kathleen Hagerty, Craig A. Johnson, Candy Lee, William H. McLean, Ingrid S. Stafford, and Eugene S. Sunshine in this matter.

2. The facts set forth in the attached motion are true.

FURTHER AFFIANT SAYETH NOT.

Dated: January 24, 2019         */s/ Amanda S. Amert*
                    Amanda S. Amert

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on Thursday, January 24, 2019, she caused the foregoing **Defendant-Appellees' Motion to Seal Portions of Plaintiffs' Proposed Second Amended Complaint** to be filed electronically with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system which will send a notice of electronic filing to the following:

Jerome J. Schlichter
Michael A. Wolff
Sean E. Soyers
100 South Fourth Street, Suite 1200
Saint Louis, MO 63102
(314) 621-6115
(314) 621-5934 fax
jschlichter@uselaws.com
mwolff@uselaws.com
ssoyars@uselaws.com

                                                  */s/ Alexis E. Bates*
                                                  Alexis E. Bates